**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BESANG, INC., | |
| *Plaintiff* | Case No. 2:23-cv-00028 |
| v. | |
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC, | **Jury Trial Demanded** |
| *Defendants*. | |

**DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF IDAHO**
**UNDER 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**Page**

I.         INTRODUCTION ................................................................ 1

II.        FACTUAL BACKGROUND ............................................... 1

III.       LEGAL STANDARD........................................................... 4

IV.       THE DISTRICT OF IDAHO IS CLEARLY MORE CONVENIENT ................. 4

       A.    This Case Could Have Been Brought in the District of Idaho ................................ 4

       B.    The Private Interest Factors Favor Transfer to the District of Idaho ..................... 5

              1.    Cost of Attendance For Willing Witnesses Favors Transfer ............... 5

              2.    Relative Ease of Access to Sources of Proof Favors Transfer ............ 8

              3.    Availability of Compulsory Process Favors Transfer ....................... 11

              4.    All Other Practical Problems Associated With Trial are Neutral ....... 11

       C.    The Public Interest Factors Favor Transfer to the District of Idaho ..................... 12

              1.    The District of Idaho has a Strong Local Interest ............................... 12

              2.    The Court Congestion Factor is Neutral .............................................. 14

              3.    Familiarity with Governing Law and Conflicts of Law are Neutral .. 15

       D.    The Balance of Factors Demonstrates that the District of Idaho is the Clearly More Convenient Forum ................................................................. 15

V.        CONCLUSION ................................................................... 15

## TABLE OF AUTHORITIES

Page

**Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
358 F.3d 337 (5th Cir. 2004) ................................................................ 4

*Cooktek Induction Sys., LLC v. I/O Controls Corp.*,
2016 WL 4095547 (E.D. Tex. Aug. 2, 2016) ........................................ 12

*Farmobile LLC v. Farmers Edge Inc.*,
2022 WL 2653893 (E.D. Tex. July 2, 2022) ......................................... 12

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010) ............................................................ 12

*In re Amazon.com, Inc.*,
2022 WL 17688072 (Fed. Cir. Dec. 15, 2022) ...................................... 8

*In re Apple Inc.*,
2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ....................................... 12

*In re Apple Inc.*,
2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ........................................ 9

*In re Apple Inc.*,
2022 WL 1676400 (Fed. Cir. May 26, 2022) ........................................ 14

*In re Apple*,
979 F.3d 1332 (Fed. Cir. 2020) ............................................................ 12

*In re Apple, Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) ....................................................... 11

*In re DISH Network LLC*,
2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ........................................ 13

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009) ......................................................... 5, 8

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ............................................................ 14

*In re Google*,
2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) .......................................... 8

## TABLE OF AUTHORITIES

**Page**

*In re Hoffman-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2008)............................................................................... 13

*In re Hulu, LLC*,
    2021 WL 3278194 (Fed. Cir. Aug. 2, 2021).......................................................... 5

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ..................................................................... 5, 9, 15

*In re Netflix, Inc.*,
    2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ............................................................ 8

*In re NetScout Sys., Inc.*,
    2021 WL 4771756 (Fed. Cir. 2021)......................................................................... 8

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)............................................................................... 14

*In re Radmax*,
    720 F.3d 285 (Fed. Cir. 2013)..................................................................... 9, 11, 15

*In re Samsung Elecs. Co.*,
    2 F.4th 1371 (Fed. Cir. 2021) ................................................................................. 12

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014)........................................................................ 8, 10

*In re TS Tech USA Corp*,
    551 F.3d 1315 (Fed. Cir. 2008)........................................................................ 4, 15

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*")......................................... 4, 5, 6, 12

*In re Volkswagen, Inc.*,
    545 F.3d 304 (5th Cir. 2008) ("*Volkswagen II*") ..................................... 4, 6, 8, 11

*Innoband, Inc. v. Aso Corp.*,
    2011 WL 835934 (E.D. Tex. Mar. 4, 2011) .......................................................... 14

*Jones v. Hartford Life & Accident Ins. Co.*,
    2009 WL 10677487 (E.D. Tex. Feb. 11, 2009) ...................................................... 7

*Realtime Data LLC v. Dropbox, Inc.*,
    2016 WL 153860 (E.D. Tex. Jan. 12, 2016).......................................................... 12

## TABLE OF AUTHORITIES

**Page**

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S.Ct. 1514 (2017) ................................................................................................................ 5

**Statutes**

28 U.S.C. § 1400(b) ...................................................................................................................... 4

28 U.S.C. § 1404(a) ...................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 45(c)(1)(A)-(B) .................................................................................................... 9

## I.      INTRODUCTION

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (collectively, "Micron") move the Court to transfer venue to the District of Idaho pursuant to 28 U.S.C. § 1404(a).

BeSang's claims against Micron have multiple ties to the District of Idaho, but none to this District.  Micron's likely witnesses include engineers based in Idaho.  Micron's sources of proof include documents and other evidence located in Idaho—research, development, and testing of the accused products took place at Micron's headquarters in Boise, Idaho.  Additionally, at least one non-party witness specifically identified by BeSang in the Complaint as having knowledge relevant to this dispute is located in Idaho.  By contrast, there are no relevant witnesses or sources of proof located in this District.  BeSang is an Oregon corporation with no connection to this District.  And while BeSang relies on the presence of one small Micron office in Allen, Texas for venue, none of Micron's small number of Allen, Texas employees have any knowledge relevant to this case, nor do Micron's limited business activities in Texas have any meaningful connection to the disputes at issue in this case.  These facts, coupled with the strong local interest Idaho has in the outcome of litigation involving one of its major employers, strongly support transfer to the clearly more convenient District of Idaho.

## II.      FACTUAL BACKGROUND

On January 23, 2023, BeSang filed its Complaint against Micron alleging infringement of U.S. Patent No. 7,378,702 ("the '702 Patent").   The asserted claims are directed to a "semiconductor memory structure."  ECF No. 1, ¶ 52.  BeSang alleges that Micron infringes the '702 Patent by making, using, selling, offering to sell, and/or importing certain products that include "3D NAND Flash products incorporating CMOS under Array." *Id.*, ¶¶ 40, 51.  While the

accused products include various SSDs ("solid-state drives"), BeSang's infringement contentions are based entirely on the 3D NAND chips included within those SSDs—no other components of the accused SSDs are implicated by BeSang's contentions.  *Id*. ¶ 41; Mackay Decl., ¶ 1; Ex 1 (Exhibit 1 to Micron's Infringement Contentions).  In particular, BeSang bases its infringement contentions on the internal structure of Micron's 3D NAND chips, including, for example, the presence of "vertically oriented semiconductor memory cells."  ECF No. 1, ¶ 73.

Micron is headquartered in Idaho, with its principal place of business in Boise, Idaho.  *See* Kiehlbauch Decl. ¶ 4.  Micron is one of Idaho's largest private employers, with more than 5,400 employees in Idaho alone.  *Id*. ¶ 5.  While Micron has two Texas facilities—one in this District, in Allen, and another in Austin—Micron's Texas sites employ only approximately 3% of Micron's United States employees, and less than 1% of Micron's employees worldwide.  *Id*. ¶ 7.

Micron conducts 3D NAND-related research, development, and testing at its Boise headquarters.  *Id*. ¶ 9.  Accordingly, Micron employees with relevant technical knowledge about Micron's accused 3D NAND products are located in Idaho.  *Id*. ¶¶ 12-13.  These include Mark Kiehlbauch, Mallesh Rajashekharaiah; Lars Heineck; Richard Hill; Allen Mcteer; Kunal Shrotri; and Mike Bernhardt, all of whom are Micron engineers involved in the research, design, and development of the accused products.  *Id*. ¶ 13.  Because Micron's 3D NAND-related design and product engineering occurs at both Micron's Boise headquarters and in Micron's San Jose and Folsom, California facilities, additional Micron employees with relevant technical knowledge are also located in California.  *Id*. ¶¶ 9, 13.  Micron employees with relevant knowledge are also likely located in Singapore, where Micron manufactures all of the accused products.  *Id*.

Former Micron employees, Kirk Prall and Matt Freeman, both of whom are named in the Complaint, were based at Micron's Boise, Idaho site.  *Id.* ¶ 18.  Mr. Prall is still in Idaho, based on public sources.  ECF No. 1, ¶¶ 33-35, 37; Mackay Decl. ¶ 2; Ex. 2.

Micron facilities in Idaho house a vast amount of relevant design and development documents for the accused products, as well as relevant marketing documents.  Kiehlbauch Decl. ¶ 10.  To the extent any relevant documents are not located in Idaho (including manufacturing and financial documents), they are located in California and Singapore, not Texas.  *Id.* ¶¶ 10-11.

None of Micron's NAND-related research, design, development, or manufacturing occurs in Texas, and Micron does not have any Texas employees with relevant knowledge of the 3D NAND chips included within the accused products, or any relevant sources of proof located in Texas.  *Id.* ¶¶ 11-12, 16-17.  While some testing of the accused SSDs occurs at Micron's Austin site (outside of this District), that testing primarily involves measuring read/write speeds and power consumption of the SSDs, and not any separate testing of the individual components included within those SSDs (such as any 3D NAND chips, the internal structure of which forms the basis for BeSang's infringement contentions).  *Id.* ¶¶ 9, 17; ECF No. 1, ¶ 40.  Furthermore, no employees at Micron's Austin site work on the research, design, development, or manufacturing of the accused products.  *Id.* ¶ 17; ECF No. 1, ¶¶ 40, 51.

BeSang is an Oregon corporation, with its principal place of business in Hillsboro, Oregon. ECF No. 1, ¶ 1.  BeSang's President and CEO, Dr. Sang-Yun Lee, is the only listed inventor on the '702 Patent.  ECF No. 1, ¶ 25.  Based on public sources, Dr. Lee lives in Portland, Oregon. Mackay Decl. ¶ 3; Ex. 3.  Dr. Lee allegedly conducted research relating to the '702 Patent "at the Stanford Nanofabrication Facility in California and the National NanoFab Center in Korea."  ECF No. 1, ¶ 27.

## III.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit, here the Fifth Circuit.  *In re TS Tech. USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  The first question under Section 1404(a) is whether a civil action "might have been brought" in the proposed transferee district.  *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*").

If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *Id*.

Plaintiff's choice of forum is not a separate factor entitled to special weight.  Rather, respect for the plaintiff's choice of forum is encompassed in the movant's burden to demonstrate that the proposed transferee forum is "clearly more convenient."  *Volkswagen II*, 545 F.3d at 314-15.

## IV.    THE DISTRICT OF IDAHO IS CLEARLY MORE CONVENIENT

### A.    This Case Could Have Been Brought in the District of Idaho

A patent infringement case may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and

4

established place of business."  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017).  A domestic corporate defendant is deemed to reside (i) in its state of incorporation, and (ii) in the state where it has its principal place of business.  *TC Heartland*, 137 S. Ct. at 1521.

All three of the Micron defendants have their principal place of business in Boise, Idaho. *See* Kiehlbauch Decl. ¶ 4.  In addition, two of the three Micron defendants were incorporated under the laws of Idaho and are Idaho entities, with the third being a Delaware (and not Texas) company. ECF No. 1, ¶¶ 2-4; Kiehlbauch Decl., ¶ 6.  As a result, all three Micron defendants reside in the District of Idaho, making venue proper there.

### B.     The Private Interest Factors Favor Transfer to the District of Idaho

#### 1.     Cost of Attendance For Willing Witnesses Favors Transfer

This private interest factor considering the convenience of witnesses "is probably the single most important factor in [the] transfer analysis."  *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).  Where, as here, "the distance between an existing venue for trial of a matter and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05. Additionally, under this factor, both the convenience of party and non-party witnesses must be considered.  *See, e.g.*, *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021) (rejecting an approach that discounted importance of this factor for party witnesses); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021) (error for district court to not consider inconvenience for party witnesses).

Micron is not aware of—and the Complaint does not identify—any potential witnesses residing in the EDTX or for whom proceedings would be more convenient if a trial was held here. In contrast, at least seven relevant, willing witnesses for Micron are located in Idaho.  Micron

engineers who are primarily responsible for the research, design, and development of the accused products include Mark Kiehlbauch, Mallesh Rajashekharaiah; Lars Heineck; Richard Hill; Allen Mcteer; Kunal Shrotri; and Mike Bernhardt.  Kiehlbauch Decl., ¶ 13.  All are working and based in Boise, Idaho.

The convenience of these potential trial witnesses favors transfer to the District of Idaho, as it is well-established that "it is more convenient [] to testify at home."  *Volkswagen II*, 545 F.3d at 317.  Traveling to Shreveport (the nearest airport to Marshall, Texas) would require over five hours of flight time, not including time spent traveling from the Shreveport airport to Marshall. Mackay Decl. ¶ 4; Ex. 4.  The long trips and overnight stays in Marshall would lead to lost productivity and disruption to the witnesses' lives while "being away from work, family, and community."  *Volkswagen II*, 545 F.3d at 317.   By contrast, if this case is transferred to the District of Idaho, Micron's witnesses could readily travel back and forth between court and their homes, and the federal courthouse in Boise is only approximately eight miles from Micron's headquarters (well under a thirty-minute commute).  Mackay Decl. ¶ 5; Ex. 5; *see also Volkswagen I*, 371 F.3d at 205 ("[T]he task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.").

For witnesses not in Idaho, attending trial in Boise would still be more convenient than doing so in Marshall.  For example, for Micron witnesses in California, Boise is significantly closer (~1,100 miles closer) than Marshall.  Mackay Decl. ¶ 6; Ex. 6.  The same is true for BeSang's likely witness, Dr. Lee, whose location in Oregon is significantly closer (~1,400 miles closer) to Boise than to Marshall.  Mackay Decl. ¶ 7; Ex. 7.  Numerous prior art witnesses are also located

in the Silicon Valley area, which is ~1,100 miles closer to Boise than to Marshall.  Mackay Decl. ¶ 8; Ex. 8 (U.S. Patent No. 6,881,994, Ex-1007 to Micron's IPR Filing, listing named prior art witness-inventors in Cupertino, Redwood City, Palo Alto, Mountain View, Santa Clara, Los Altos, and Portola Valley, California).  At the same time, the Boise airport is only approximately five miles from the federal courthouse in Boise, while the nearest airport to Marshall, located in Shreveport, Louisiana, is significantly further (38 miles).  Mackay Decl. ¶ 9; Ex. 9; *see e.g.*, *Jones v. Hartford Life & Accident Ins. Co.*, No. 2:08-CV-182, 2009 WL 10677487, at *3 (E.D. Tex. Feb. 11, 2009) (finding that "proximity of . . . a major airport . . . makes [transferee venue] more convenient for [witnesses] that must travel regardless of where the trial is held").  And, for any Micron witnesses not in Idaho (including potential witnesses in Singapore, for whom the distances to Boise and Marshall are both significant), Boise is more convenient because the airport is only approximately five miles from Micron's Boise headquarters.  Mackay Decl. ¶ 10; Ex. 10.  Those witnesses could use Micron's headquarters to minimize the inconvenience of being away from their home Micron offices, and may even be able to combine the trip with meetings at Micron's headquarters that might otherwise have been scheduled for a different time.

The Court should reject any attempt by BeSang to seize on Micron's small Allen and Austin, Texas offices.  The employees in these offices represent only approximately 3% of Micron's employees in the United States, and none are likely witnesses, as none have knowledge relevant to this case.  Kiehlbauch Decl. ¶¶ 7, 9, 12, 14-17.  In particular, no research, design, development, manufacturing, testing, or sales of the accused products occurs in Micron's Allen, Texas facility.  *Id.* ¶¶ 9, 15-16.  While some testing of the accused SSDs occurs in Micron's Austin, Texas facility, that testing is primarily related to the read/write speeds and power consumption of those SSDs and does not involve any testing relevant to the subject matter of the asserted claims.

*Id.* ¶¶ 9, 17.  And even if the Austin employees who perform such testing were relevant to the issues in this case—which Micron contends they are not—"any significance of those witnesses [would be] slight in the mix as a whole," given that Austin is located outside of this District, and "[t]he comparison between the transferor and transferee forums is *not altered* by the presence of other *witnesses* and documents in places *outside both forums*."  *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) (emphasis added) (quoting *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)).

Where, as here, Micron has "identified several potential party . . . witnesses residing in the [District of Idaho], and no potential witnesses appear to reside in the [Eastern District of Texas], the witness convenience factor weighs strongly in favor of transfer."  *In re Apple*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) (citing *In re Google*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021)); *see also In re Amazon.com, Inc.*, No. 2022-157, 2022 WL 17688072, at *4 (Fed. Cir. Dec. 15, 2022) ("When, as here, there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer.").

## 2.    Relative Ease of Access to Sources of Proof Favors Transfer

As the Federal Circuit has explained, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Genentech*, 566 F.3d at 1345 (internal quotation omitted).  "While electronic storage makes documents more widely accessible than was true in the past, the fact that documents can often be accessed remotely does not render the sources-of-proof factor irrelevant."  *In re NetScout Sys., Inc.*, No. 2121-173, 2021 WL 4771756, at *4 (Fed. Cir. 2021) (citing *Volkswagen II*, 545 F.3d at 316).  This is because the

inquiry under this factor involves the *relative* ease of access between the two venues, and electronic sources of proof are *relatively* more easily accessed from where they were created and stored.  *See, e.g.*, *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768 at *4 (Fed. Cir. Apr. 22, 2022) (explaining that "[t]he district court . . . failed to ask the correct question [(*i.e.*, where is it *relatively* easier to access defendant's electronic documents)], and in doing so improperly discounted the relative convenience of the transferee venue").

Here, a vast amount of non-witness sources of proof (e.g., documents and physical evidence) are located in Idaho, California, and Singapore.  Kiehlbauch Decl. ¶¶ 9-10.  In particular, Micron facilities in Idaho house a vast amount of relevant design and development documents relating to the accused products, as well as relevant marketing documents.  *Id.* ¶ 10.  Micron also has physical samples of certain of the accused products in Boise.  *Id.*  On the other hand, no relevant sources of proof are located in this District, or even in Texas, more generally.  *Id.* ¶¶ 9, 11, 14-17.  And, BeSang has no presence in Texas, nor has it identified any sources of proof in Texas.  ECF No. 1, ¶ 1.  Because the relevant inquiry under this factor is the "*relative* ease of access, not *absolute* ease of access" to sources of proof, the complete absence of any evidence in the Eastern District of Texas, coupled with evidence of the research, design, and development of the accused products in Idaho, weighs heavily in favor of transfer to the District of Idaho.  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (Fed. Cir. 2013).  This conclusion is true regardless of the fact that additional sources of proof are likely located at Micron's facilities in California and Singapore, outside of both districts.  *See, e.g.*, *Juniper*, 14 F.4th at 1321 ("We have held that the fact that some evidence is stored in places other than either the transferor or the transferee forum does not weigh against transfer."); *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022) (finding that the district court erred by "fault[ing] Apple for not clearly showing that the bulk of

the documentary evidence was located or stored in the [proposed transferee venue]," because "[e]ven so, with nothing on the other side of the ledger in the [transferor venue], the [transferee venue] would still have a comparative advantage with regard to the ease of access to the sources of proof located within that district.").

That Micron does not have relevant sources of proof in Texas is not surprising because, as discussed above, none of Micron's Texas-based personnel worked on the research, design, development, or manufacturing of the accused products.  Kiehlbauch Decl. ¶¶ 12, 14-17.  To the extent that BeSang alleges that relevant sources of proof are located at Micron's Austin site, given that some testing of accused SSDs occurs there, such allegations are irrelevant to the transfer analysis because Austin is outside this District.  *See, e.g.*, *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is *not altered* by the presence of other witnesses and documents in places *outside both forums*." (emphasis added)).

To the extent BeSang has evidence relevant to this case, it would be easier to access that evidence from Boise than from this District.  The named inventor of the '702 Patent, Dr. Lee, is located in Portland, Oregon, which is 340 miles from Boise and 1,750 miles from Marshall.  Mackay Decl. ¶ 7; Ex. 7.  In addition, the Complaint alleges that BeSang "created prototypes of 3D memory devices . . . at the Stanford Nanofabrication Facility in California."  ECF No. 1, ¶ 27.  Stanford, California is 530 miles from Boise and 1,600 miles from Marshall.  Mackay Decl. ¶ 11; Ex. 11.  Thus, it would be easier to take discovery of the records at the Stanford Nanofabrication Facility from Boise than from Marshall.

Because relevant sources of proof are either located in Idaho or more conveniently accessed from Idaho, and no proof is located in this District, this factor weighs heavily in favor of transfer.

### 3.     Availability of Compulsory Process Favors Transfer

The "availability of compulsory process" factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014).  This is because, under Federal Rule of Civil Procedure 45, a court may subpoena a person (a) within 100 miles of where the person works or resides, or (b) within the state when the witness is a party, an officer of the party, or would not incur substantial expense to attend trial.  Fed. R. Civ. P. 45(c)(1)(A)-(B).

At least one relevant third party is located in Idaho, whom BeSang specifically identified in the Complaint as allegedly relevant to damages issues, including BeSang's allegations of willfulness.  The Complaint identifies retired Micron employee Kirk Prall, who allegedly attended a workshop at which Dr. Lee made a presentation on the topic of "Architecture of 3D Memory Cell Array on 3D IC."  ECF No. 1, ¶¶ 33-34.  Based on publicly available information, Mr. Prall is currently located in Boise, Idaho.  Mackay Decl. ¶ 2; Ex. 2.  Micron is not aware of any relevant third-party witnesses in the Eastern District of Texas, or Texas more generally.  Accordingly, this factor favors transfer.

### 4.     All Other Practical Problems Associated With Trial are Neutral

Under the final private interest factor, courts consider "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Volkswagen II*, 545 F.3d at 314.  Moreover, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer."  *Radmax*, 720 F.3d at 289.

This case is in its early stages, so transfer would not prejudice BeSang.  Micron only recently filed its Answer on March 31, 2023, discovery has not opened, and the Case Management Conference only just occurred on May 30, 2023.  ECF Nos. 23, 27.  Accordingly, "no practical

problems exist that would deter this Court from transferring this litigation." *Cooktek Induction Sys., LLC v. I/O Controls Corp.*, No. 4:15-CV-548, 2016 WL 4095547, at *6 (E.D. Tex. Aug. 2, 2016); *see also Farmobile LLC v. Farmers Edge Inc.*, No. 2:21-CV-00411, 2022 WL 2653893, at *5 (E.D. Tex. July 2, 2022).  Because no practical problems weigh for or against transfer, this factor is neutral.

### C.  The Public Interest Factors Favor Transfer to the District of Idaho

#### 1.  The District of Idaho has a Strong Local Interest

The "local interest" factor considers not merely the parties' "connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'"  *In re Apple*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).  In this manner, it takes into consideration the Fifth Circuit's recognition that "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *Volkswagen I*, 371 F.3d at 206.

The District of Idaho has a strong local interest in this case.  Not only is Micron headquartered in Idaho, but research, design, development, and testing of the accused products took place in Idaho.  Kiehlbauch Decl., ¶¶ 4, 9, 12-13; *see In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) (strong local interest in district where accused products were "researched, designed, and developed"); *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021) (agreeing with district court that Apple's proposed venue had "a strong local interest in this matter because the research, development, and operation of the accused technology took place there, [and] Apple is headquartered there").  Accordingly, the work of several of the over 5,000 Idaho-based Micron employees relates to the accused technology, including at least seven potential witnesses.  Kiehlbauch Decl., ¶¶ 4-5, 12-13; *see, e.g.*, *Realtime Data LLC v. Dropbox, Inc.*, No. 6:15-CV-00465-JDL, 2016 WL 153860, at *5 (E.D. Tex. Jan. 12, 2016)

("Ultimately, because [Defendant] has identified several individuals whose work relates to the accused technology and who are located in the [proposed transferee venue], the Court finds that [the proposed venue] has a greater local interest in the outcome of the litigation."). Further, BeSang's allegations of willful infringement appear to be based on prior interactions between Dr. Lee of BeSang and Kirk Prall and Matt Freeman (who were based in Micron's headquarters in Boise at the time of the alleged interactions and where Mr. Prall still resides), and therefore "call[] into question the work and reputation of [] individuals residing in or near that district," adding to the strong local interest the District of Idaho already has in this case. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); ECF No. 1, ¶¶ 34-37; Mackay Decl. ¶ 2; Ex. 2.

By contrast, the Eastern District of Texas is not home to BeSang or Dr. Lee, and none of the accused products were developed or designed there. Although Micron has an office in Allen, Texas (in this District), Micron's Allen-based employees do not have any relevant knowledge or experience related to the accused products, and the Allen facility does not house relevant sources of proof. Kiehlbauch Decl., ¶¶ 9, 11-12, 14-17. And while employees in Micron's Austin office have some experience testing accused SSDs, not only is that office *not* located within this District, but those employees are not involved in the research, design, development, or manufacturing of the accused products, and therefore do not have knowledge relevant to the 3D NAND chips included within those products and upon which BeSang bases its infringement contentions. *Id.* ¶¶ 9, 17. Accordingly, "even if these Texas-based operations have some connection to the accused [products] here [which Micron contends they do not], that connection [would be] insubstantial compared to [Idaho]'s significant connection to the design and development of the accused features." *In re DISH Network LLC*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) (rejecting suggestion that limited facilities in the Western District of Texas created a local

interest there); *see also In re Apple Inc.*, No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022) (finding that district court committed "clear abuse of discretion" by weighing Apple's "general presence" in the district against transfer, where "[n]othing in the court's opinion of the record offers any indication that Apple's in-district offices had any involvement in the research, design, or development of the accused technology").

And while Micron's accused products undoubtedly do end up in this District, "[t]he Fifth Circuit has unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a 'substantial interest' in adjudicating a case locally because some allegedly infringing products found their way into the Texas market." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also Innoband, Inc. v. Aso Corp.*, No. 2:10-CV-191-TJW-CE, 2011 WL 835934, at *6 (E.D. Tex. Mar. 4, 2011) ("Interests that 'could apply virtually to any judicial district or division in the United States,' such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests."). Accordingly, this factor strongly favors transfer.

### 2.    The Court Congestion Factor is Neutral

The Federal Circuit has explained that the court congestion factor is neutral where the plaintiff "is not engaged in product competition in the marketplace." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). The Complaint does not allege that BeSang is actively selling its products. ECF No. 1. Rather, it appears that BeSang was formed by Dr. Lee merely to license his patented technologies. Mackay Decl. ¶ 12; Ex. 12. Thus, this factor is neutral.

Even if Besang could show that it is currently marketing products, this factor would still not weigh against transfer. Court statistics show that the District of Idaho has a much smaller caseload than this District. Mackay Decl. ¶ 13; Ex. 13 (showing that this District has 6,325 pending cases and 791 pending cases per judge, whereas the District of Idaho has only 1,090 pending cases

and 545 pending cases per judge).  And although this Court might hold a trial earlier than the District of Idaho, the Federal Circuit "do[es] not regard the relative speed with which [a] case might be brought to trial in the two districts to be of particular significance." *Juniper*, 14 F.4th at 1322.  Accordingly, even if this factor were not neutral because of BeSang's lack of product competition, then it would weigh in favor of transfer.

### 3.  Familiarity with Governing Law and Conflicts of Law are Neutral

The remaining two public interest factors are neutral.  All of the claims in this case arise under Federal Patent law, such that all federal courts are equally capable of applying the law in this case. *See TS Tech USA*, 551 F.3d at 1320.  And, Micron has no reason to believe that this case will involve any conflict of law issues. *See Radmax*, 720 F.3d at 289.

### D.  The Balance of Factors Demonstrates that the District of Idaho is the Clearly More Convenient Forum

All of the private and public interest factors either favor transfer or are neutral.  Likely party and non-party witnesses are located in Idaho.  None are located in this District.  Similarly, relevant sources of proof are either located in Idaho or more easily accessed from Idaho.  None are located in this District.  Further, because Micron researches, designs, and develops the accused products at its headquarters in Boise, Idaho and employs thousands of Idaho residents, Idaho has a strong local interest in this case.  Combined, these factors demonstrate that the District of Idaho is clearly more convenient than the Eastern District of Texas.

## V.  CONCLUSION

For the above reasons, and because the Eastern District of Texas has no connection to this case, Micron respectfully asks the Court to transfer this case to the District of Idaho.

Dated: May 31, 2023

Respectfully submitted,

*/s/ Melissa R. Smith*

GILLAM & SMITH, LLP
Melissa R. Smith (TX #24001351)
melissa@gillamsmithlaw.com
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

O'MELVENY & MYERS LLP
John Kappos (TX# 24130097)
jkappos@omm.com
Timothy S. Durst (TX #00786924)
tdurst@omm.com
Cason G. Cole (TX#24109741)
ccole@omm.com
Frances Mackay (TX#24109494)
fmackay@omm.com
2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Xin-Yi Zhou (TX# 24127916)
vzhou@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

William M. Fink (admitted *pro hac vice*)\
tfink@omm.com
Patric Reinbold (admitted *pro hac vice*)
preinbold@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Micron Technology, Inc.,*
*Micron Semiconductor Products, Inc., and*
*Micron Technology Texas, LLC.*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 31, 2023.  Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

*/s/ Melissa R. Smith*


## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that on May 25, 2023, pursuant to Local Rule CV-7(h), counsel for Micron met and conferred with counsel for BeSang regarding Micron's Motion to Transfer.  Counsel for BeSang indicated that BeSang is opposed to the relief sought by Micron's Motion.

*/s/ Melissa R. Smith*