IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BESANG, INC.,<br><br>   *Plaintiff*<br><br> v.<br><br>MICRON TECHNOLOGY, INC.,<br>MICRON SEMICONDUCTOR<br>PRODUCTS, INC., and<br>MICRON TECHNOLOGY TEXAS, LLC,<br><br>   *Defendants*. | Case No. 2:23-cv-00028<br><br>**JURY TRIAL DEMANDED**<br><br>▮▮▮▮▮▮▮▮▮▮<br><br>**PUBLIC VERSION** |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF IDAHO UNDER 28 U.S.C. § 1404(a)**

This case should be transferred to Idaho because witness convenience, the single most important factor, plainly favors transfer. Oregon-based BeSang ███████████████████████ ███████████████ and it does not argue that Marshall is more convenient *for BeSang*. D.I. 1 at 1. Instead, it argues that trial in Marshall will somehow be more convenient *for Micron*, desperately ignoring the indisputable fact that Micron's corporate headquarters are in Boise, Idaho, where Micron employs over 5,000 people, D.I. 30 at 2, ███████████████████████ ████████████ Ex. 1 at 179:4-17,[1] including those Micron identified as likely technical witnesses. Decl. ¶4. BeSang's Opposition, on the other hand, relying on misdirection and inuendo, attempts to shift focus to DRAM—a non-accused component in only a subset of accused products, and highlights unverified, and in many cases inaccurate LinkedIn profiles to identify Texas employees with no knowledge relevant to the design or development of 3D NAND. BeSang, not Micron, is attempting to manipulate venue.

**I.    BeSang Cannot Manufacture Venue Ties Through Non-Accused DRAM**

DRAM is plainly irrelevant to this case. *See* D.I. 1 at ¶ 54 ("The Accused Products are all 3D NAND products …."). Facing evidence that ███████████████████████████████, D.I. 32-01 at ¶16, BeSang misrepresents its infringement allegations, suggesting that they encompass DRAM. *See* Opp. at 2-9, 14. But BeSang only asserts claims limited to 3D NAND memory. *See* D.I. 1-1 at Claims 13-16 (reciting "wherein the memory cells are nonvolatile memory cells"); 10:3-6 (describing NAND as nonvolatile memory). A different set of *non-asserted* claims covers "DRAM," a type of volatile memory. *Id.* at Claims 1-7, 9:28-29, 10:15-17.

BeSang's 81-page contentions claim chart never mentions DRAM, and every claim element allegedly maps to "3D NAND memory devices." *See generally*, D.I. 32-2. BeSang

---

[1] All references to "Decl. __" refer to the Declaration of Frances Mackay filed concurrently herewith and all references to "Ex. __" refer to the exhibits of that Declaration.

misleadingly points to three pages of its chart that "depict[]" DRAM. Opp. at 3 (citing D.I. 32-2 at 7, 10, 13). But what those pages actually show are images of circuit boards with *accused* 3D NAND chips as well as several *non-accused* components, including DRAM chips, capacitors, and resistors. *See id.* Tellingly, the cited pages neither label the DRAM nor map it to any claim element.

BeSang's only relevance argument for DRAM—buried in a footnote (Opp. at 4 n.4)—cites no evidence and is untethered to the technology of the '702 Patent. This case is about 3D NAND technology, not DRAM. *See* D.I. 1 at ¶¶ 6, 21-23, 31, 36-41, 54-95; Decl. ¶38, 39; Ex. 15.

## II.     Trial in EDTX Would Be Much Less Convenient for Relevant Party Witnesses

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and thus do not have material knowledge. Micron's Austin employees also lack material knowledge and are located outside this district. Micron's technical witnesses—whether design, process, or fabrication—are among the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Decl. ¶4, 42. For them, Idaho is more convenient.

Micron identified numerous Idaho-based engineers as potential witnesses, both in its motion and in Initial Disclosures. D.I. 30 at 5-6; Ex. 2. It strains credulity that these witnesses are "of dubious relevance." Opp. at 5. "The predominant use of witness testimony in a case such as this concerns the technical issues regarding infringement and validity." *VisionX Techs. v. Sony*, 2023 WL 3572898, at *4 (E.D. Tex. May 19, 2023). Here, many of the identified engineers work on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, which Dr. Kiehlbauch explained ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the specific technical issue at the heart of BeSang's claims. Ex. 1, 157:12-158:4; *see also* D.I. 32-2 (BeSang's claim chart maps all claim elements to cross-sections of structural components of the claimed memory, not circuit design). And while the other identified engineers may not have worked on circuit design "during the transition from 2D to 3D NAND" (Opp. at 6), no asserted claim covers 2D memory or any alleged "transition."

BeSang cannot overcome these facts by engaging in the highly speculative practice of

2

trying to identify Texas-based Micron employees through unverified LinkedIn profiles. *In re Google LLC*, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021) (finding "highly speculative" reliance on LinkedIn as support for potential relevance of witness's testimony). Micron has confirmed that over 30% of the LinkedIn profiles BeSang proffers state inaccurate employment statuses, job titles, or locations. Ex. 3; Decl. at ¶¶16-37, 40. For example, BeSang identifies seven alleged in-district Micron employees with alleged knowledge of the accused products/features (Opp. at 4), but four have confirmed they do not work on design or development of the accused 3D NAND. Ex. 4. Moreover, ▮▮▮▮▮▮ confirmed she never worked at Micron. Decl. at ¶36. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, not an employee. Ex. 3. And ▮▮▮▮▮▮ limited prior experience with 3D NAND is irrelevant: He worked on a non-memory portion of a "test chip" that was never commercialized. Ex. 1, 94:3-7; Ex. 11, 61:10-25, 104:20-105:1; Decl. ¶14.

### III. Dr. Kiehlbauch Properly Investigated and Confirmed That Micron Does Not Design, Develop, or Manufacture 3D NAND in Texas

Dr. Kiehlbauch, Micron's vice president in charge of 3D NAND development, properly relied on his personal knowledge and investigation to determine locations of employees primarily responsible for designing the accused products. *Id*. at 10:7-10, 40:25-41:9, 147:6-9; D.I. 32-1 at ¶13. He is not an attorney, Ex. 1 at 20:15-16, and so cannot be expected to understand all of "the varied issues in this litigation." Opp. at 2. Because the "predominant use of witness testimony in a [patent] case … concerns the technical issues regarding infringement and validity," *VisionX* at *4, Dr. Kiehlbauch investigated whether ▮▮▮▮▮▮▮▮▮ have relevant employees who design or develop Micron's 3D NAND. Ex. 1 at 15:5-12; 81:8-16. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*.; D.I. 65-3; *see also* Decl. ¶14.

No evidence suggests ▮▮▮▮▮▮▮▮▮▮▮▮ design or development documents. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

███████████████████████████████████. Decl. ¶7, Ex. 6. That Dr. Kiehlbauch stated he ████████████████████████████████████████████ only acknowledges that ████████████████████████████ unrelated to his expertise—3D NAND.

Dr. Kiehlbauch contacted Micron's ████████████████ to confirm these sites do not design or develop 3D NAND. D.I. 32-1 ¶¶14-17. There was no need for a phone call after ██ ████████████████. Ex. 5 at 71:16-74:24. ██████████████████████████████ ██████████████████████████████████████████████████████████████████. Dr. Kiehlbauch acknowledged that Micron ████████████████████████ D.I. 32-1 ¶17. To the extent he was unaware of what products ██████████, that "partial gap in [his] knowledge" provides no basis for discounting the imbalanced nature of Micron witness locations. *In re Google*, 58 F.4th 1379, 1384 at n.2 (Fed. Cir. 2023). BeSang's other unwarranted credibility attacks are based on incomplete citations to, and misstatements of, testimony. Decl. ¶¶12-15.

**IV.    BeSang Does Not Identify Any Material Third-Party Witness In Texas**

BeSang's speculation about third-party witnesses cannot withstand even cursory scrutiny. Opp. at 10-12. First, BeSang identifies four international corporations but cannot identify specific witnesses from any of them. *See Novelpoint v. Leapfrog*, 2010 WL 5068146, at *6 (E.D.Tex Dec. 6, 2010) (rejecting "conclusions [based] on unidentified witnesses"). Samsung and Hynix are based in Korea and are unlikely to have Texas employees with material knowledge. Decl. ¶8. AvNet and Mouser are two among a dozen distributors of Micron's products. BeSang fails to identify material evidence they have that it cannot obtain through third-party discovery. Decl. ¶44.

Second, while BeSang identifies six individuals as potential third-party witnesses, it listed only one—████████—in its original initial disclosures. Opp. at 11; Ex.8. Those disclosures also listed Idaho-based third-party ████████, who BeSang now conveniently ignores. Decl. ¶43. ████████ is not a material witness: His interactions with BeSang concerned DRAM, not 3D

4

NAND. D.I. 65-16. BeSang also identifies its own ███████████████████████ as a third party (Opp. at 11), but compulsory process is not needed to obtain testimony of a party witness. The remaining four are former Micron employees with no relevant ties to this case.²

BeSang does not dispute that Micron's third-party witness—████████—is material, even identifying him in its Complaint. D.I. 1 at ¶33. ██████ far outweighs BeSang's speculative witnesses. *See In re FedEx*, 2022 U.S. App. LEXIS 28988, *8 (Fed. Cir. Oct. 19, 2022).

V.   **Post-Filing Litigation Review In Allen Is Irrelevant To Venue Analysis**

BeSang's reliance on the parties' agreed location for design file review (Opp. at 14-15) is misplaced. To accommodate BeSang's recent request, ████████████████████████ ████████████████████████████████████████████. Ex. 10; Decl. ¶10. ██████ ██████████████. *Id*. And transferring evidence for discovery has no bearing on the venue analysis. *Intell. Ventures v. T-Mobile*, 2018 WL 4175934, at *3 (E.D. Tex. June 29, 2018).

VI.  **The Public Interest Factors Support Transfer**

This case will have no impact on Micron's Allen employees—████████████— but has big stakes for ██████████████ employees working on 3D NAND. Decl. ¶¶42-43. Acknowledging that "Micron does have a substantial presence in Boise," BeSang counters with two Micron distributors in Texas. Opp. at 12. But in-district sales by non-parties cannot create local interest. *See AGIS v. HTC*, 2018 WL 4680558, at *10 (E.D. Tex. Sept. 28, 2018).

In addressing court congestion, BeSang ignores that trial is set months after the '702 Patent expires. D.I. 48. Delay in a trial that could only bring damages is not entitled to any weight, irrespective of BeSang's ████████████████ (D.I. 56 at 2). *In re Google*, 58 F.4th at 1383.

---

² BeSang's own exhibits (unverified LinkedIn profiles) confirm that these individuals are irrelevant: ██████████ profile never mentions the accused 3D NAND technology (D.I. 65-21); ████████████████████ profiles do not mention NAND work for Micron (D.I. 65-35 at 2-7, 13-15); and ████████ worked at Micron's ████████ fab for less than two years (*id*. at 8-9).

5

Dated:  August 30, 2023                                   Respectfully submitted,

/s/ Melissa R. Smith

GILLAM & SMITH, LLP
Melissa R. Smith (TX #24001351)
melissa@gillamsmithlaw.com
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

O'MELVENY & MYERS LLP
John Kappos (TX# 24130097)
jkappos@omm.com
Timothy S. Durst (TX #00786924)
tdurst@omm.com
Cason G. Cole (TX#24109741)
ccole@omm.com
Frances Mackay (TX#24109494)
fmackay@omm.com
2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Xin-Yi Zhou (TX# 24127916)
vzhou@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

William M. Fink (admitted *pro hac vice*)\
tfink@omm.com
Patric Reinbold (admitted *pro hac vice*)
preinbold@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC.*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 30, 2023. Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

                                              */s/ Melissa R. Smith*
                                              Melissa R. Smith