FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BESANG, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 2:23-cv-00028 <br><br> JURY TRIAL DEMANDED |

**BESANG, INC.'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF IDAHO UNDER 28 U.S.C. § 1404(a)**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**I.     ARGUMENT**

    **A.  Micron Did Not Meet Its Burden.**

Micron's Motion was premised on the false claims that "there are *no* relevant witnesses or sources of proof in this District[,]" and that *none* of Micron's Allen employees "have *any* knowledge relevant to this case[.]" Dkt. 30 at 1 (emphasis added). After conducting venue discovery and deposing Micron's declarant, Dr. Kiehlbauch—who did not write his declaration, had no knowledge of what is relevant to this case, and disavowed his own sworn statements during his deposition—BeSang established that Micron's claims are false and that this district has a strong connection to this case. *See generally* Dkt. 65 ("Resp."). In Reply, Micron submits a new eleven-page attorney declaration to quibble with BeSang's evidence showing that the transfer factors disfavor transfer.[1] But it is *Micron's* burden to establish good cause *for* transfer. Because Micron has failed to meet its burden, the Court should deny Micron's Motion.

    **B.  DRAM Is Relevant and Material to this Case.**

Discovery revealed that Micron premised its motion on the mistaken belief that Allen, Texas-based DRAM memory components were *not* in the Accused Products. Now Micron has to downplay DRAM's relevance—arguing that only NAND-specific documents and witnesses can be used here. But this is at odds with the actual circumstances of this case. Here, Micron conducts its infringing sales by placing NAND and other memory components like DRAM into the Accused Products (such as SSDs) and selling those products to its distributors and end-customers. While true that the 3D NAND component's circuitry and memory cells are what map onto the asserted claims, that circuitry and those cells are not sold separately. ▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] Micron offers pages of argument buried in an attorney declaration. *See* Dkt. 67-1 (Mackay Decl.). These arguments should be disregarded both because they were offered for the first time in Reply and because they are inconsistent with the page limits imposed by the Local Rules.

████████████████████ *See* Ex. JJ; McCarty Decl. ¶¶ 2–4. Micron ignores this individualized circumstance, and in doing so ignores that it may argue later that DRAM must be addressed in any damages analysis of the SSD sales. Micron further ignores the circumstances showing that its Allen-based DRAM facility and people are critical sources of proof due to their discussions with BeSang regarding licensing, BeSang's patents, and the parties' pre-suit relationship. Resp. at 8. Micron ignores that its DRAM future appears to rely on BeSang's technology directly related to this action—more key willfulness evidence. Resp. Ex. P at 5. And Micron ignores that many of these Allen-based witnesses have overlapping 2D NAND and 3D NAND experience (as well as with 3DXP, an abandoned alternative to the Accused Products). In short, Micron fails to consider the circumstances showing that the company's operations in this district, *especially* its DRAM people and proof, are highly relevant. *See In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021) ("[A] bare and generalized analysis" does not provide the "'individualized, case-by-case consideration' of the relevant factors, as is required for the analysis of a § 1404(a) motion.").

### C. The Cost of Attendance For Willing Witnesses Weighs Against Transfer.

Micron's simplistic view of this factor has never been endorsed by the Federal Circuit. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). In fact, that court has already rejected elevating "key witnesses" (here, Micron's 3D NAND witnesses) at the expense of others (here, other 3D NAND, SSD, 3DXP, DRAM, or willfulness witnesses). *Compare* Reply at 2 (arguing "many" of *its* identified witnesses work on the "issue at the heart of BeSang's claims"), *with Genentech*, 566 F.3d at 1343 (rejecting "key witness" test).[2]

---

[2] Micron also cites *VisionX Techs. v. Sony*, No. 2:22-CV-00178, 2023 WL 3572898, at *4 (E.D. Tex. May 19, 2023), apparently suggesting that infringement and validity witnesses are more likely to testify at trial. The *VisionX* court never made that suggestion, and the Federal Circuit has found

Even so, Micron's attempt at identifying seven "key" witnesses was flawed; each witness worked on manufacturing *processes* like etching, not the circuit design at issue here. Resp. at 5–6. To compensate for this flaw, Micron first attempts to backfill by arguing that there are actually ▮▮▮▮—not seven—witnesses that it could call to trial. Reply at 2. This is not relevant. *See Safoco, Inc. v. KLX Energy Servs., LLC*, 2:22-cv-0437-JRG-RSP, 2023 WL 4281243, at *2–*3 (E.D. Tex. June 10, 2023) ("[T]he Court is disinclined to give much weight to KLX's argument about unidentified witnesses it may call . . . ."). Second, despite their lack of knowledge or experience designing these products, Micron reasons that each identified witness is still relevant because manufacturing processes eventually make the product's end-structure. Reply at 2. But this is too clever by half. Micron's corporate representative destroyed this generic observation, testifying as to such witnesses: "They're definitely not designing the circuit structure." *See* Ex. KK at 157:12–158:10. None were involved in the transition from 2D to 3D NAND or the circuit designs that, contrary to Micron's claims, *are* squarely at issue here.[3]

Micron next attempts in a scattershot fashion to rebut witnesses identified by BeSang:

- Micron attacks the evidence BeSang identified as "unverified," "speculative" LinkedIn profiles. There is no reason to think Micron employees would misstate their credentials, and the Federal Circuit has indicated that LinkedIn profiles are permissible. *In re Apple Inc.*, No. 2023-135, 2023 WL 5274629, at *2 (Fed. Cir. Aug. 16, 2023). Micron's attack also ignores that: (1) it is Micron's burden; and (2) BeSang relied on publicly available evidence only after Micron withheld its HR information despite BeSang propounding an interrogatory directly on point. *See* Ex. LL (BeSang's Venue Interrogatory No. 1).

- Micron now provides never-produced HR data suggesting that certain individuals BeSang identified are no longer at Micron. The majority are post-Complaint departures, rendering their departure irrelevant, *Longhorn HD LLC v. Juniper Networks, Inc.*, No. 2:21-CV-00099-JRG, 2021 WL 4243382, at *2 (E.D. Tex. Sept. 16, 2021), and any

---

error in the "categorical rejection" of witnesses based upon generalizations and "speculation that they would be 'unlikely to testify at trial.'" *Hulu*, 2021 WL 3278194, at *3.
[3] *See* Dkt. 1 ¶¶ 22–25 ("Dr. Sang-Yun Lee incorporated BeSang in 2003 to develop, in part, three- dimensional (3D) integrated circuit technologies to overcome the above-mentioned deficiencies of the 2D solutions"); Dkt. 32-2 at 16, 29, 47 (accusing particular "circuitry").

employees that departed prior to the Complaint should be considered under the subpoena-power factor.

- Micron rebuts four Allen employees because they do not *presently* "perform any work" on "the design or development of 3D NAND." *See* Reply Ex. 4. Evidence shows these witnesses have relevant, recent knowledge.[4] There is no relevancy test whether a witness currently works on certain projects at the company.

- Micron discounts ▮▮▮▮▮▮▮▮, who states for the first time in Reply that he did not "actually use" a characterization platform he created. Reply Ex. 4 at 8. This is beside the point. Micron's development of a platform to characterize accused products is both material and relevant to this case.

- Micron suggests that ▮▮▮▮▮ is not relevant because Micron employs her on a contract basis, but fails to explain why that matters. Affiliation with Micron renders her a willing witness, falling squarely within this factor.

- Micron seeks to disregard ▮▮▮▮ because his work on 3D NAND was not "commercialized," Reply at 3, but the technical details regarding that work and Micron's decision not to commercialize it *is* relevant and material to this case.

The record shows at least 35 willing witnesses here with relevant, material information.[5] Certainly Micron has not disproven their relevance. *See Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00441-JRG, 2018 WL 4026760, at *5 (E.D. Tex. Aug. 15, 2018) (crediting plaintiff's identification of relevant evidence where movant had not proven it was irrelevant.).

### D. Compulsory Process Weighs Against Transfer.

As to compulsory process, Micron disregards SK hynix (a BeSang licensee) and Samsung (a highly relevant third party and non-infringing alternative) because BeSang did not identify specific individuals in the district. There is "no basis to discount these entities just because individual employees were not identified." *In re HP Inc.*, 826 F. App'x 899, 903 (Fed.

---

[4] *Compare* Reply Ex. 4, *with* Resp. at 4. *See also* Resp. Ex. E at 4–5 (▮▮▮ has experience in NAND); 8 (▮▮▮ "documented, developed, and improved Enterprise SSD and DRAM process flows"); 19 (▮▮▮ has "8 years of experience developing from end firmware for various SSD products for SanDisk"); 21–22 (▮▮▮▮ has NAND and NVM experience); 25 (▮ "[c]orroborated characterization data with Product Device Engineering and NAND design team").
[5] BeSang accepts Micron's representation that ▮▮▮ does not work at Micron despite her holding herself out to the public as an employee of the company. Ex. MM; McCarty Decl ¶ 7.

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Cir. 2020); *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021).

Micron downplays its own distribution-partners because not a *single one* is subject to compulsory process for trial in Idaho while *five* are subject to process here.  Resp. at 11.  But Micron points to no authority for its view that these distributors must be ignored unless BeSang can prove that the information they have cannot be "obtain[ed] through third-party discovery." Reply at 4.  Indeed, Micron's argument appears to be directly inconsistent with *Volkswagen*, which weighed this factor in favor of the venue that enjoyed "absolute subpoena power for both depositions and trial."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008).

Next, Micron takes aim at ▇▇▇▇▇▇▇, seeking to dismiss him as pertaining to only DRAM.[6]  But ▇▇▇▇▇▇▇ is a third-party witness with *direct dealings with BeSang regarding licensing and DRAM*.  Micron fails to show why the Court should disregard these witnesses under this factor, which weighs against transfer.

### E. The Remaining Factors Weigh Against Transfer.

Micron's Allen facility likely houses relevant documents, Resp. at 7–9, and Micron itself acknowledges relevant documents in Austin.  Reply at 3–4.  Importantly, Micron completely failed to present evidence for where its cloud documents are *actually* located.  Resp. at 9.  As to local interest, Micron discounts its distributors, ignoring that it is *Micron* who is inducing that infringement.  *Id*. at 11.  And Micron has no answer for BeSang's engagement in the market, instead minting a new rule (with no authority) that the court-congestion factor does not matter when a patent will expire before the trial date.  Each factor counsels against transfer.

---

[6] Micron also announces that four of its former employees have "no relevant ties to this case," but that is contrary to the record.  *See* Resp. Ex. T (▇▇▇▇▇▇ worked on test programs for NAND and DRAM at Micron); Resp. Ex. HH at 5 (▇▇▇▇▇▇ was Corporate VP and General Manager for the relevant Storage Business Unit at Micron); 8–9 (▇▇▇▇▇▇, an "ex-Micron" engineer, was involved in "CMOS Reliability, 3D NAND reliability development" at Micron); 13 (▇▇▇▇▇▇, listing NAND and 3D XPoint as his specialties, has 3D XPoint experience at Micron).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

DATED: September 6, 2023

Respectfully submitted,

/s/ Warren J. McCarty, III
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
acurry@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
R. Seth Reich Jr.
Texas State Bar No. 24088283
Email: sreich@caldwellcc.com
Xu Zhou
Texas State Bar No. 24121219
xzhou@caldwellcc.com
Bjorn A. Blomquist
Texas State Bar No. 24125125
bblomquist@caldwellcc.com
James F. Smith
Texas State Bar No. 24129800
jsmith@caldwellcc.com
Richard Cochrane
Texas State Bar No. 24116209
rcochrane@caldwellcc.com
Aisha Mahmood Haley (admitted *pro hac vice*)
District of Columbia Bar No. 1034110
ahaley@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
jsummers@caldwellcc.com
**Caldwell Cassady & Curry P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via electronic mail on September 6, 2023.

/s/ Warren J. McCarty, III  
Warren J. McCarty, III

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

/s/ Warren J. McCarty, III  
Warren J. McCarty, III